IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARIA RIVERA, Individually and ) <br> GILBERTO RIVERA, Individually, and ) <br> as Personal Representative of the Estate ) <br> of Alexis Rivera, A Deceased Minor, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> POOLES MANOR, LLC and ) <br> TKL MANAGEMENT, LLC ) <br> ) <br> Defendants. ) <br> ) | CIVIL ACTION <br> 1:09-cv-1308-JOF |

## NOTICE OF ATTORNEY'S LIEN

COMES NOW, the undersigned counsel pursuant to O.C.G.A. §15-19-14 and hereby files an attorney's lien against the recovery obtained on behalf of Plaintiffs Maria Rivera (a/k/a Maria Otilia Nevarez), Gilberto Rivera and the Estate of Alexis Rivera via mediation conducted on September 3, 2009. Said lien will be perfected upon signature of the settlement documents and procurement of the settlement funds from Defendants' insurer.

Gilberto Rivera and Maria Rivera retained the undersigned under a contingent fee agreement signed on the 20th day of April 2009, for any and all claims arising from the death of their son, Alexis Rivera, which occurred on or about March 9, 2009. (See the Professional Service Agreement, attached hereto and incorporated herein as Exhibit "A".)

The undersigned filed a wrongful death lawsuit in the State Court of Henry County and perfected service upon defendants via Acknowledgment of Service entered by Defendants' respective attorneys. Subsequently, Defendants removed the case to Federal Court based upon diversity of citizenship between Plaintiffs and the principals of the defendant limited liability companies.

Thereafter, Counsel for the parties conducted the mandatory Federal Rule 26 meeting and filed the Joint Preliminary Report and Discovery Plan, as well as their respective Initial Disclosures. Discovery was commenced, including written discovery and depositions of fact witnesses and the parties, and the parties agreed thereafter to attempt mediation of this matter. On September 3, 2009, the parties and their respective counsel attended mediation conducted by Rex D. Smith, as the neutral.

At the time of the mediation, Plaintiffs Gilberto Rivera and Maria Rivera were represented by the undersigned, and were awaiting final publication of the legal notice of Mr. Rivera's Petition for Letters of Administration for the Estate of Alexis Rivera. Said petition included a request for waiver of bond, and grant of special powers pursuant to O.C.G.A. §53-12-232, and therefore required publication in the local legal organ for a proscribed period.

The parties entered into a negotiated settlement of this lawsuit, contingent in part, upon Plaintiffs providing evidence that an Administrator had been appointed for the Estate of Alexis Rivera, and that the Order to issue the Letters of Administration granted the Administrator certain powers to authorize settlement of the claims of the estate, and to dismiss the lawsuit. On October 8, 2009, the Probate Court of Henry County entered an Order to issue Letters of Administration to Gilberto Rivera for the estate of Alexis Rivera. (See Exhibit B, attached hereto and incorporated herein.)

Unbeknownst to the undersigned, at the time of the mediation and settlement, one of the parties had already taken steps that, if recognized by this Court, would have substantially affected the other party's ability to recover damages from this suit. As soon as the undersigned became aware of said changes

in circumstances, both parties were advised of said changes and were told they would need individual counsel, other than the undersigned, to address any apportionment issues relevant to this case. Said changes in circumstances have:

1. delayed appointment of an Administrator for the Estate of Alexis Rivera; and

2. resulted in a need for a legal proceeding to apportion the proceeds from the settlement of this case.

On October 17, 2009, Plaintiff Maria Rivera terminated representation by the undersigned, and the undersigned cannot represent Gilberto Rivera in an apportionment hearing, as doing so would be a professional conflict of interest.

State law governs the right to an attorney's lien. *See, United States v. Transocean Air Lines, Inc.* 356 F.2d 702 (C.A. Fla) 1996. O.C.G.A.§ 15-19-14 provides for attorneys to file a lien for payment of services rendered. And, when a contract for payment of an attorney's fee is in the form of a contingency fee agreement, as a condition precedent to the right for an attorney to recover for his services, the precise event which was contemplated, must happen. *Ellerin & Associates v. Brawley*, 263 Ga.App. 860, 589 S.E.2d 626 (2003). See also, *Overman v. All Cities Transfer Co.,* 176 Ga.App. 436, 438, 336 S.E.2d 341 (1985)

4

In Georgia, when a fee contract exists and a mater is brought to successful conclusion by the attorney, the contract will govern payment of the attorney's fee. Id., 263 Ga.App. 860, 589 S.E.2d 626 (2003). In this matter the parties specifically contracted that in the event the Client(s) terminates representation by the undersigned, and a settlement offer has been made by defendants during the time of representation, counsel reserved the right to opt to receive the contingent fee percentage of the settlement offer, as the reasonable value of the professional services, to be paid if Client(s) later receives a recovery.

Prior to being discharged as counsel for Maria Rivera, the undersigned provided professional services on behalf of both Plaintiffs, and negotiated settlement of this matter (See Exhibit C, mediation agreement redacted to protect confidential information, attached hereto and incorporated herein). Pursuant to the Professional Service Agreement between the undersigned counsel and Maria Rivera and Gilberto Rivera, the undersigned is entitled to 35% of the total settlement amount. The undersigned counsel also advanced approximately $8,572.88 in litigation expenses, including but not limited to the filing and service fees, costs of locating, subpoenaing and deposing approximately ten (10) fact witnesses, and other miscellaneous costs for records and investigative photography (See Exhibit D, attached hereto and incorporated herein).

Accordingly, the undersigned counsel hereby claims an attorney's lien in the amount of $393,572.88 for attorneys fees and expenses. The undersigned counsel reserves the right to supplement and amend this notice of attorney's lien.

This 23rd day of October, 2009.

Respectfully submitted,

*/s/ Roderick E. Edmond*
Roderick E. Edmond
Georgia Bar No. 239618
***Counsel for Plaintiffs***

**EDMOND & LINDSAY LLP**
The Candler Building, Suite 140
127 Peachtree Street, NE
Atlanta, Georgia  30303
Telephone:  (404) 525-1080
Facsimile:   (404) 525-1080

## **CERTIFICATE OF SERVICE**

I certify that, on this date, I electronically filed the foregoing **NOTICE OF ATTORNEY'S LIEN** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

> Ronald F. Negin
> Bovis, Kyle & Burch, LLC
> 200 Ashford Center North
> Suite 500
> Atlanta, GA 30338

and have served a copy of the foregoing Notice of Attorney's Lien via email, followed by U.S. Mail, postage prepaid to the Plaintiffs and their counsel, using the following addresses:

> Mrs. Maria Rivera
> c/o S. Bradley Houck, Esq.
> Houck, Ilardi & Regas, LLC
> Two Ravina Drive, Suite 800
> Atlanta, GA  30346
>
> Bernadette Olmos, Esq.
> Joan Anne Jordan, Esq.
> A. B. Olmos & Associates
> 5144 Peachtree Road, Suite 100
> Atlanta, GA  30341
>
> Mr. Gilberto Rivera
> c/o Justin Wyatt, Esq.
> 367 Atlanta Street SE
> Marietta, GA 30060

This 23rd day of October, 2009.

/s/ Roderick E. Edmond
RODERICK E. EDMOND
Georgia Bar No. 239618
***Counsel for Plaintiffs***

**EDMOND & LINDSAY LLP**
The Candler Building, Suite 140
127 Peachtree Street, NE
Atlanta, GA  30303
Phone: 404-525-1080