# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| Maria Rivera and | : | |
| Gilberto Rivera, *Individually and as* | : | |
| *Personal Representative of the Estate* | : | |
| *of Alexis Rivera, a deceased minor*, | : | |
| | : | CIVIL ACTION NO. |
| Plaintiffs, | : | 1:09-cv-01308-JOF |
| | : | |
| v. | : | |
| | : | |
| Pooles Manor, LLC and | : | |
| TKL Management, LLC, | | |
| Defendants. | | |

## OPINION & ORDER

This matter is before the court on Defendant Poole Manor, LLC's motion to dismiss Plaintiffs' claim for punitive damages [4], Defendant TKL Management, LLC's motion to dismiss Plaintiffs' claim for punitive damages [7], Defendants' motion to enforce settlement agreement [42], Defendants' motion for a hearing [43], and the parties' proposed consent order [45].

The present case arose from the drowning death of Alexis Rivera in March of 2009. Alexis's parents filed suit against Defendants for negligence. The parties mediated the dispute, and a settlement memorandum was signed by all parties, in which Plaintiffs agreed to release Defendants from liability for any and all claims relating to Alexis's drowning.

Docket Entry [42], Exhibit A. In exchange, Defendants agreed to pay Plaintiffs, individually, and Plaintiff Gilberto Rivera in his capacity as the Administrator of Alexis's estate, the sum of $1,100,000.00. *Id*. In the settlement memorandum, the parties indicated their intent to prepare formal settlement documents encompassing the terms from the settlement memorandum, to be executed by all parties at a later date. *Id*.

Defendants filed the present motions to enforce the settlement agreement and for a hearing on December 1, 2009. D.E. [42] and [43]. Defendants contend that Plaintiffs have not yet signed the formal settlement agreement referenced in the mediation settlement memorandum. The reason for this failure, according to Defendants, is because Plaintiffs are having a dispute as to how to distribute the proceeds among themselves. In their motion, Defendants argue that the court should enforce the settlement memorandum because Plaintiffs have failed to comply with the terms of the memorandum, and the only remaining dispute is between Plaintiffs, having nothing to do with Defendants. Defendants request that the court enforce the settlement memorandum, appoint an Administrator for Alexis's estate, order Plaintiffs to sign a release, and order Plaintiffs to file a dismissal with prejudice. Defendants also request permission to deposit the settlement proceeds into the court registry, and they request a hearing regarding enforcement of the settlement memorandum.

The parties filed a proposed consent order on December 23, 2009, which address the concerns expressed by Defendants in the motion to enforce the settlement agreement. In the

2

proposed order, the parties agree that the matter has been settled for $1,100,000.00, as per the terms of the mediation settlement memorandum. Plaintiffs agree that they will take the steps necessary, within thirty (30) days of the date of this order, for Plaintiff Maria Rivera (Nevarez) to become the administrator of Alexis's estate. The parties also agree that Plaintiffs will sign a Release and Settlement Agreement within twenty (20) days from the date of this order, which releases Defendants from any further liability. Plaintiffs consent to Defendants depositing the settlement proceeds into the registry of the court. The parties further state they will file a dismissal with prejudice within five (5) days of the signing of the release by the administrator of Alexis's estate, once appointed by the probate court. Defendants will withdraw their request for attorney's fees without prejudice.

The court GRANTS the parties' proposed consent order [45]. Plaintiffs are DIRECTED to file, within sixty (60) days of the date of this order, motions regarding how the settlement proceeds will be allocated between Plaintiffs. While not confident that this court is the proper forum for the dispute between Plaintiffs regarding allocation of the settlement proceeds after they are distributed by Defendants, the court will defer addressing the issue until such time as Plaintiffs file their motions as directed above.

As the court has granted the proposed consent order submitted by the parties, the remaining motions before the court are moot. Therefore, Defendant Poole Manor, LLC's motion to dismiss is DENIED [4]. Defendant TKL Management, LLC's motion to dismiss

3

is DENIED [7]. Defendants' motion to enforce settlement agreement is DENIED [42]. Defendants' motion for a hearing is DENIED [43].

**IT IS SO ORDERED** this 15th day of January 2010.


          /s   J. Owen Forrester
          J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)